UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| G.W.M. by and through his natural mother and Next Friend KERRY C. McBRIDE, as the natural son of Decedent Jeffrey A. McBride, and K.M., by and through his natural mother and Next Friend CHRISTA McBRIDE, as the natural son Jeffrey A. McBride, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 4:08CV158 TIA |
| v. | ) ) | |
| FLINK COMPANY and VIKING-CIVES MIDWEST, INC., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Compel Defendant Flink to Produce its Non-Retained Expert Witnesses for Deposition and Request for Hearing on Motion to Compel. The Parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

This case involves a products liability/wrongful death claim stemming from Defendant Flink's design and manufacture of an industrial salt spreader. On April 14, 2009, Plaintiffs filed the present motion to compel, arguing that Defendant Flink previously disclosed three of its employees as fact witnesses, not expert witnesses. Subsequent to taking their depositions, Flink advised that those three witnesses would offer expert opinions as well. However, Plaintiffs contend that Flink did not disclose Mike Supergan, Richard Black, and Duane Kruger as expert witnesses in its Rule 26 Disclosures under the Federal Rules of Civil Procedure. Plaintiffs seek to take second depositions of these employees, as Plaintiffs did not question the employees regarding their expert opinions during the first

depositions. Flink argues that such disclosure was not required because Flink previously disclosed said witnesses as fact witnesses, and Rule 26(a)(2)(B) does not require non-retained experts to provide a written report.

Defendant Flink appears to overlook Rule 26(a)(2)(A) which explicitly provides that, "**[I]n addition to the disclosures required by Rule 26(a)(1)**, a party **must** disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A) (emphasis added). Flink concedes that Mike Supergan, Richard Black, and Duane Kruger are "non-retained experts" and that Flink did not disclose these witnesses at such in its initial disclosures. Because Plaintiffs have not had the opportunity to depose Mr. Supergan, Mr. Black, and Mr. Kruger regarding their expert opinions, the undersigned will grant Plaintiffs' Motion to Compel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel Defendant Flink to Produce its Non-Retained Expert Witnesses for Deposition [Doc. #37] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Request for Hearing on Motion to Compel [Doc. #38] is **DENIED** as **MOOT.**

                                                    /s/ Terry I. Adelman  
                                          UNITED STATES MAGISTRATE JUDGE

Dated this  27th  day of  April , 2009.