UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

G.W.M. by and through his natural mother )
and Next Friend KERRY C. McBRIDE, )
as the natural son of Decedent )
Jeffrey A. McBride, and )
K.M., by and through his natural mother )
and Next Friend CHRISTA McBRIDE, )
as the natural son Jeffrey A. McBride, )
 )
      Plaintiffs, ) No. 4:08CV158 TIA
 )
v. )
 )
FLINK COMPANY and )
VIKING-CIVES MIDWEST, INC., )
 )
      Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Flink Company's Motion to Exclude Expert Testimony of Ken Blundell [Doc. #45], Defendants Flink Company and Viking-Cives Midwest, Inc.'s Motion for Summary Judgment [Doc. #43], Defendant Flink Company's Motion in Limine to Exclude Evidence of Decedent's Future Earnings Capacity, or in the Alternative, Motion for Extension of Time to Designate Expert Witness [Doc. #64], and Plaintiffs Motion to Continue [Doc. #68]. The Parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

## Background

On December 7, 2007, Jeffrey McBride was employed as a maintenance worker with the Missouri Department of Transportation ("MODOT"). His assignments included cleaning the trucks and cinder beds following an snow/ice storm. While McBride was working at the Barnhardt facility unloading salt from the cinder bed, the hood of his sweatshirt became entangled in the rotating shaft

of a Flink salt spreader that was mounted to a dump truck. McBride was killed as a result. At the time of McBride's death, the shaft cover/guard was missing from the salt spreader.

On January 31, 2008, Plaintiffs filed a Complaint against the manufacturer, Flink, in federal court. They filed a First Amended Complaint on March 17, 2008, and a Second Amended Complaint on August 15, 2008, adding Viking-Cives Midwest, Inc. as a Defendant. In their Second Amended Complaint, Plaintiffs allege that the Defendants are liable under the theories of negligent design of the salt spreader; negligent failure to warn of the risk of harm associated with the shaft; strict liability/product defect; and strict liability/failure to warn. Plaintiffs seek damages, including pecuniary and economic losses including the loss of Decedent's earnings and support; future pecuniary and economic losses; losses of love, services, companionship, comfort, instruction, guidance and counsel; and future such losses. (Doc. #21, ¶¶ 14, 19, 25, 31)

On May 20, 2009, Defendant Flink filed a Motion for Summary Judgment, asserting that Plaintiffs were unable to recover under a strict liability theory because they could not show damages as a direct result of a defective condition that existed when the product was sold. Defendant Flink further claimed that Plaintiffs could not recover under a theory of negligent design because Plaintiffs were unable to demonstrate that the product had a specific latent defect or hazard or that they were damaged as a direct result of Defendant's negligent manufacture, design, or failure to warn. Finally, Defendant Flink alleged that it had no duty to warn, as the exposed rotating shaft was an open and obvious danger. (Doc. #43) On June 8, 2009, Plaintiffs responded that the shaft extension made the spreader defective and that a jury should determine the proximate cause of McBride's death and whether the danger of the defective shaft extension was open, obvious, and apparent. (Doc. #49) In its reply brief, Flink argued that the modification of the shaft extension was the proximate cause

of Plaintiffs' damages and that the danger of the exposed shaft was open, obvious, and apparent to McBride. (Doc. #52) Defendant Viking-Cives joined Defendant Flink's motion on June 29, 2009. (Docket Text Order of 6/29/09)

On May 28, 2009, Defendant Flink filed a Motion to Exclude the Expert Testimony of Ken Blundell, alleging that Dr. Blundell's opinions are based solely on materials he reviewed and not on inspection of the actual salt spreader or any salt spreader manufactured by Flink. (Doc. #45) Plaintiffs' responded that Dr. Blundell was highly qualified in mechanical engineering and in machine guarding in particular and based his opinions on extensive reports and photographs. (Doc. #47)

Finally, on July 9, 2009, Defendant Flink filed a Motion in Limine to Exclude Evidence of Decedent's Future Earnings Capacity, or in the Alternative, Motion for Extension of Time to Designate Expert Witness. In that motion, Flink asserted that it had only recently learned of Plaintiffs' intent to request future earnings damages. (Doc. #64) Plaintiffs responded that they specifically mentioned future earnings in the Second Amended Complaint. (Doc. #66) The undersigned held a hearing on the aforementioned motions on July 22, 2009, after which the Court took to motions under submission. (Doc. #67)

### **I. Motion to Exclude Expert Testimony of Ken Blundell**

Defendant Flink argues that Dr. Blundell's testimony is unreliable and should be excluded under Rule 702 of the Federal Rules of Evidence because Dr. Blundell has no practical experience in the salt spreader industry; he relies solely on information provided by the Plaintiff's attorney, not inspection or testing of the salt spreader; and his opinions are not relevant. Plaintiffs, on the other hand, assert that Dr. Blundell is highly qualified; properly relies on extensive materials in formulating his opinions; and provides relevant opinion testimony that the shaft should have been designed out

or covered with a non-removable cover.

The undersigned finds that Dr. Blundell should be admitted as an expert and therefore denies Defendant Flink's motion to exclude his expert testimony. Rule 702 of the Federal Rules of Evidence provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. In Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), the United States Supreme Court set forth a list of non-exhaustive factors which a court should consider in determining the admissibility of expert testimony. Id. at 593-94. Courts should consider: "(1) whether the theory or technique 'can be (and has been) tested'; (2) 'whether the theory or technique has been subjected to peer review and publication'; (3) 'the known or potential rate of error'; and (4) whether the theory has been generally accepted." Peitzmeier v. Hennessy Indus., Inc., 97 F.3d 293, 297 (8th Cir. 1996) (quoting Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 594 (1993)). "The exclusion of an expert's opinion is proper only if it is so fundamentally unsupported that it can offer no assistance to the jury." Wood v. Minn. Mining & Mfg. Co., 112 F.3d 306, 309 (8th Cir. 1997) (internal quotations and citation omitted).

Here, Dr. Blundell has a Ph.D. in Mechanical Engineering. In addition to teaching, Dr. Blundell has lectured around the world and has authored over 60 publications, including a book on machine guarding. (Doc. #47, Exh. 1) In addition, he has testified as an expert in over 40 civil cases.

4

(Doc. #47, p. 2; Exh. 1, p. 16) Indeed, the Eighth Circuit Court of Appeals found that his opinions survived Daubert review in Sappington v. Skyjack, Inc., 512 F.3d 440, 454 (8th Cir. 2008).

Further, the undersigned finds that Dr. Blundell bases his opinion on sufficient facts and data. That Dr. Blundell did not test or inspect the actual salt spreader is inconsequential. Dr. Blundell relied upon extensive photographs taken after the accident, reports from the Missouri Highway Patrol and Missouri Department of Transportation, the Flink 8600 manuals, other spreader manuals from competitors, and depositions of Steven Richards and Duane Kruger. In his analysis, Dr. Blundell noted that his opinions were supported by the American Standards Association and the National Safety Council. Further, other manufacturers' products incorporate a non-protruding shaft. (Doc. #47, Exh. 2) The undersigned finds that Dr. Blundell's expert opinion testimony sufficient to satisfy Rule 702 and the factors set forth in Daubert. See Sappington, 512 F.3d at 454 (finding that Dr. Blundell's opinions survived Daubert review where he took into account relevant ANSI standards, reviewed relevant literature and current industry practices, and considered feasibility and risk utility of implementing alternate designs). Therefore, Defendant Flink's Motion to Exclude Expert Testimony of Ken Blundell will be denied.

## II. Motion for Summary Judgment

Defendant Flink, joined by Defendant Viking-Cives, filed a Motion for Summary Judgment, asserting that Plaintiffs are unable to produce evidence sufficient to allow the trier of fact to find the existence of the elements necessary to support their products liability causes of actions, namely that Flink manufactured a defective product, or that a defective product or failure to warn was the proximate cause of Plaintiffs' damages. Plaintiffs, on the other hand, contend that whether the product was defective, whether such defect was the proximate cause of McBride's, and whether the

danger was open, obvious, and apparent, are fact questions for a jury to decide. The undersigned agrees with Plaintiffs that summary judgment is not warranted.

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The court must view the evidence and all reasonable inferences in the light most favorable to the non-moving party. Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 775 (8th Cir. 1995).

The moving party has the initial burden to establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party, who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

In this case, Defendants have not carried their burden of demonstrating that no genuine issue of material fact exists and that they are entitled to judgment as a matter of law. To recover under a strict liability theory, a plaintiff must demonstrate that "(1) the defendant sold a product in the course of its business; (2) the product was then in a defective condition, unreasonably dangerous when put to a reasonably anticipated use; (3) the product was used in a manner reasonably anticipated; and (4) plaintiff was damaged as a direct result of the defective condition that existed when the product was sold." Engel v. Corrigan Company-Mechanical Contractors, Inc., 148 S.W.3d 28, 30 (Mo. Ct. App. 2004) (citation omitted).

Defendants contend that Plaintiffs are unable to establish the fourth element essential to a strict liability claim because the shaft cover was missing at the time of McBride's accident. However, as stated by the Plaintiffs, their theory is that the shaft extension itself is a hazard which should have been eliminated from the salt spreader. Indeed, Dr. Blundell's report indicates that the shaft should have been designed out of the salt spreader, or completely encased to with a slipcover guard welded over the shaft. (Doc. #49, Exh. 2) As such, the undersigned finds that a genuine issue of material fact exists as to whether plaintiff was damaged as a direct result of a defective condition that existed when the product was sold. See Egelhoff v. Holt, 875 S.W.2d 543, 553 (Mo. 1994) (en banc) (finding that plaintiff made a submissible case on strict-liability-defective produce theory where the modification was separate and distinct from defect relied upon by the plaintiff).

Defendants also argue that Plaintiffs cannot recover under a theory of negligent design because Plaintiffs are unable to demonstrate that the product had a specific latent defect or hazard or that they were damaged as a direct result of Defendant's negligent manufacture, design, or failure to warn. Plaintiffs contend that this is a question of fact to be determined by a jury. The undersigned agrees.

To recover under a negligence theory, a plaintiff is required to prove "that the defendant had a duty to protect him from injury, the defendant failed to perform that duty, and the defendant's failure proximately caused his injury." Strong v. American Cyanamid Co., 261 S.W.3d 493, 506 (Mo. Ct. App. 2007) (citation omitted). "[T]he manufacturer of a product which is potentially dangerous when used in its intended fashion, or reasonably certain to place life and limb in peril when negligently constructed, is under a duty to the user to exercise ordinary care in its manufacture, and is liable to a user injured thereby if the injury results from a latent defect bespeaking lack of ordinary

7

care in producing the product." Morrison v. Kubota Tractor Corp., 891 S.W.2d 422, 426 (Mo. Ct. App. 1994). Further, "while the manufacturer could be held liable if the defect or danger was latent or concealed, it was *not* liable 'where the danger is open, obvious and apparent, or the user has actual knowledge of the defect or danger.'" Id. (quoting Stevens v. Durbin-Durco, Inc., 377 S.W.2d 343, 347 (Mo. 1964)). A defect is not latent where it would have been discoverable through the exercise of due care or reasonable diligence. Id. at 426-27 (internal quotations and citation omitted).

Defendant asserts that the product in question did not contain a latent defect because any danger posed by the shaft without a cover would have been open and obvious to the user. However, Plaintiff has presented evidence indicating that such danger was not open and obvious to users of the salt spreaders. (Doc. #49, Exh. 4, 6, 7) As stated by the Plaintiff, "[b]arring a claim as a matter of law is a drastic step, and the court must be certain that the danger was so obvious that the defendant should not bear any responsibility for resulting damage, and visual evidence is a verifiable confirmation of what is or should have been known to the injured party." Thompson v. Brown & Williamson Tobacco Corp., 207 S.W.3d 76, 99-100 (Mo. Ct. App. 2006). Further, as stated above, a genuine issue of material fact exists regarding the proximate cause of McBride's death. Thus, the undersigned finds that summary judgment is not warranted on Plaintiffs' products liability – negligence claim. Finally, the undersigned notes that the genuine issue of material fact regarding the openness and obviousness of the danger from the exposed shaft which precludes summary judgment on Plaintiffs' failure to warn claim. Thus, the Court will deny Defendants' Motion for Summary Judgment.

### III. Motion in Limine Relating to Evidence of Decedent's Future Earnings

Last, Defendant Flink seeks to exclude any evidence relating to decedent's future earnings. Flink asserts that it only recently became aware of Plaintiffs' desire to seek future earnings damages. However, as demonstrated by Plaintiffs, they specifically mention future damages in their Second Amended Complaint. Thus, the undersigned will deny Flink's motion. However, in the interest of justice, the Court will allow Defendant Flink to designate an economic expert and grant Flink additional time to conduct discovery regarding future damages.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Flink Company's Motion to Exclude Expert Testimony of Ken Blundell [Doc. #45] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants Flink Company and Viking-Cives Midwest, Inc.'s Motion for Summary Judgment [Doc. #43] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Flink Company's Motion in Limine to Exclude Evidence of Decedent's Future Earnings Capacity, or in the Alternative, Motion for Extension of Time to Designate Expert Witness [Doc. #64] is **GRANTED** in part and **DENIED** in part, consistent with this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Continue [Doc. #68] is **GRANTED.**

**IT IS FINALLY ORDERED** that the Parties shall file a joint amended scheduling plan

incorporating deadlines for designating an economic expert and conducting discovery relating to that expert. The Parties shall also provide mutually agreeable trial dates for the Court's consideration no later than **Wednesday, August 12, 2009.**

/s/ Terry I. Adelman<br>UNITED STATES MAGISTRATE JUDGE

Dated this  29th  day of July, 2009.